UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWMUT WOODWORKING & SUPPLY, INC. d/b/a SHAWMUT DESIGN AND CONSTRUCTION<br><br>    Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY<br><br>    Defendant. | Civil Action No.: 20-cv-2289<br><br>**COMPLAINT** |

Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction ("Shawmut"), by and through its undersigned counsel, for its Complaint against defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"), alleges as follows:

## **PARTIES**

1. Shawmut is a Massachusetts corporation whose principal place of business is located at 560 Harrison Avenue, Boston, Massachusetts 02118. At all relevant times, Shawmut was duly authorized and licensed to perform general contracting services in the State of New York.

2. Upon information and belief, Starbucks is a Washington corporation with a principal place of business located at 2401 Utah Avenue South, Suite 800, Seattle, Washington 98134, whose agent for service of process in New York is The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York 12207.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between Shawmut and Starbucks, and the amount in controversy exceeds $75,000 (not including interest and costs).

4. Venue is proper in this District under 28 U.S.C. § 1391(a) because Starbucks has a place of business located in this District, all of the events giving rise to Shawmut's claims occurred in this District, and the contract at issue provides, in relevant part, that

> any legal action brought under or in connection with the subject matter of this Contract ***shall be brought only in the United States District Court for the Southern District of New York*** or, if such court would not have jurisdiction over the matter, then only in a New York State court sitting in the Borough of Manhattan, City of New York.  Each party submits to the exclusive jurisdiction of these courts and agrees not to commence any legal action under or in connection with the subject matter of this Contract in any other court or forum.

(Emphasis added.)

## FACTUAL ALLEGATIONS

5. Shawmut is a general contractor and provided construction services, labor, and materials to Starbucks for the construction of the Starbucks Reserve ™ New York Roastery and Tasting Room located at 61 9th Avenue, New York, New York (the "project" or the "Roastery") pursuant to a written agreement dated April 3, 2017 (the "Contract").

6. The Roastery is a 3-story, 23,000 square foot space containing five bars – two for coffee and one each for cocktails, takeaway beans, and pastries – as well as, according to Starbucks, the largest fully-operational coffee roasting plant in Manhattan.

7. On its website, Starbucks touts the Roastery as being a "one-of-a-kind space [which] features an impressive mix of bars and custom details," a "spectacular destination," and a "space to bring your event to life in a uniquely memorable way."

8. Starbucks drafted the Contract.

9. The Contract had an original Contract Sum of $27,650,182.

10. During the course of the project, Starbucks implemented countless changes to the project and directed Shawmut to perform same.

11. Shawmut performed $9,533,022 in change order/extra work during the course of the project.

12. The adjusted Contract Sum for the project is $37,183,204.

13. To date, Shawmut has been paid $30,628,163.35, leaving a balance due and owing from Starbucks – after crediting $80,596.09 due to Starbucks – the amount of $6,474,444.56.

14. Despite demand, Starbucks has failed and refused without justification to render payment to Shawmut of all amounts due and owing on the project.

15. The date for Shawmut to achieve Substantial Completion of the project was October 29, 2018.

16. Shawmut substantially completed the project on October 29, 2018 and Starbucks took full possession of the Roastery that same day.

17. Thereafter, Shawmut performed punch list work and additional work at the request and direction of Starbucks during abbreviated shifts at night in order to prevent any disruption to or interference with Starbucks' use and possession of the Roastery.

18. Starbucks opened the Roastery to the public on or about December 14, 2018.

19. Despite the fact that Shawmut constructed and delivered to Starbucks a magnificent one-of-a-kind space that has been open for business seven (7) days a week over 12 (12) hours a day for over a year, Starbucks has failed and refused to render payment to Shawmut for all amounts due and owing under the Contract.

20. Starbucks' wrongful failure to render payment of amounts due and owing to Shawmut has and will continue to cause Shawmut loss and damage.

## COUNT I
### (Breach of Contract)

21. Shawmut incorporates each of the above allegations as it set forth fully herein.

22. Shawmut entered into a written Contract with Starbucks to provide services, labor, and materials in the construction of the project.

23. Shawmut substantially completed the project, building a spectacular commercial space in a good and workmanlike manner and in accordance with the terms of the Contract.

24. Shawmut's labor and materials were incorporated into the project and improved the Roastery.

25. Starbucks does not possess any valid backcharges against Shawmut in connection with the labor and materials Shawmut supplied and incorporated into the project.

26. Starbucks has breached the Contract by, among other things, failing and refusing to timely process change order requests and applications for payment and to pay Shawmut the amounts Shawmut is due and owed under the Contract.

27. As a result of Starbucks' actions and inactions described herein, Shawmut has been and will continue to be damaged.

## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing)

28. Shawmut incorporates each of the above allegations as it set forth fully herein.

29. Implied in the Contract is a covenant of good faith and fair dealing in the course of performance.

30. At all times relevant to this matter, Starbucks had a duty to act in good faith and to diligently honor and perform its obligations under the Contract and deal with the Shawmut fairly.

31. Notwithstanding the fact that Shawmut constructed and delivered a magnificent one-of-a-kind space to Starbucks which has been fully operational for over a year, Starbucks breached its duty by, among other things, failing to timely process change order requests and applications for payment and by wrongfully withholding payment and failing and refusing to pay all amounts due and owing to Shawmut under the Contract.

32. As a result of Starbucks' breach of the covenant of good faith and fair dealing, Shawmut has been and will continue to be damaged.

## COUNT III
### (Quantum Meruit)

33. Shawmut incorporates each of the above allegations as it set forth fully herein.

34. Shawmut substantially performed its contract work and extra work in good faith with the reasonable expectation that Starbucks would render payment to it for the fair value of same.

35. Starbucks received the benefit of Shawmut's work, opened the Roastery to its customers, and has not paid Shawmut for the benefit Shawmut conferred.

36. Shawmut is entitled to recover the fair value of the labor, material, equipment, and services it furnished to Starbucks to construct the project.

37. Starbucks is liable to Shawmut for the fair value of the labor, material, equipment, and services Shawmut furnished to it on the project.

## PRAYER(S) FOR RELIEF

WHEREFORE, Shawmut prays for judgment as follows:

(a) That Starbucks by adjudged and decreed to have breached the Contract;

(b) That Starbucks by adjudged and decreed to have breached the covenant of good faith and fair dealing implied in the Contract;

(c) That Shawmut recover damages from Starbucks for all losses stemming from Starbucks' breach of the Contract and the implied covenant of good faith and fair dealing;

(d) Alternatively, that Starbucks be ordered to pay Shawmut the fair value of the labor, material, equipment and services that Shawmut provided and conferred upon Starbucks in the construction of the Project;

(e) That Shawmut be awarded pre- and post-judgment interest;

(f) That Shawmut recover its costs and reasonable attorneys' fees;

(g) That Shawmut be awarded such other, further relief as the case may require and the Court may deem just and proper.

Respectfully submitted,

Dated: March 13, 2020

By: /s/ Seth Natter
Seth Natter  SN7807
Natter & Natter
501 Fifth Avenue
New York, NY 10017
(212) 840-8300
snatter@natterrip.com

PRO HAC VICE ADMISSION TO BE FILED:
Hugh J. Gorman, III
Christopher C. Miller
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8093
hgorman@princelobel.com

6