**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

SHAWMUT WOODWORKING & SUPPLY,                 )
INC. d/b/a SHAWMUT DESIGN AND                        )
CONSTRUCTION                                                       )
                                                                              )          Case No.: 20-cv-2289 (DLC)
          Plaintiff,                                                      )
                                                                              )          **ANSWER TO**
v.                                                                          )          **COUNTERCLAIM**
                                                                              )
STARBUCKS CORPORATION d/b/a                         )
STARBUCKS  COFFEE COMPANY                            )
                                                                              )
          Defendant.                                                    )
———————————————————————)

          Plaintiff Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction

("Shawmut"), for its Answer to the Counterclaim of defendant Starbucks Corporation d/b/a

Starbucks Coffee Company ("Starbucks"), states as follows:

*Nature of Action*

          1.          Shawmut denies the allegations contained in paragraph 1 of the Counterclaim,

except admits that Starbucks hired Shawmut to serve as its general contractor for the

construction of a high-end retail location in Manhattan known as the Roastery.

          2.          Paragraph 2 of the Counterclaim states conclusions of law for which no response

is required.  To the extent a response is required, said allegations are denied.

*Parties*

          3.          Shawmut admits the allegations contained in paragraph 3 of the Counterclaim.

          4.          Shawmut admits the allegations contained in paragraph 4 of the Counterclaim.

          5.          Shawmut admits the allegations contained in paragraph 5 of the Counterclaim.

*Jurisdiction and Venue*

1

6.      Paragraph 6 of the Counterclaim states conclusions of law for which no response is required.

7.      Paragraph 7 of the Counterclaim states conclusions of law for which no response is required.

8.      Paragraph 8 of the Counterclaim states conclusions of law for which no response is required.

9.      Paragraph 9 of the Counterclaim states conclusions of law for which no response is required.

<u>FACTUAL BACKGROUND</u>

10.      Shawmut admits the allegations contained in paragraph 10 of the Counterclaim.

11.      Shawmut denies the allegations contained in paragraph 11 of the Counterclaim, except admits that it submitted a bid on the Project.

12.      Shawmut admits that it entered into a written agreement with Starbucks dated April 3, 2017 in connection with the construction of the Starbucks Reserve Roastery.  The parties' contract is comprised of various written documents, the terms of which speak for themselves.  Shawmut denies the remaining allegations contained in paragraph 12 of the Counterclaim and respectfully refers the Court to the text of the written agreement for its content.

*The Contract*

13.      Shawmut denies the allegations contained in paragraph 13 of the Counterclaim, except admits that the parties executed a Change Order on or about October 9, 2017.

14.      To the extent the allegations in paragraph 14 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the

-6/11/20

written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

15.     To the extent the allegations in paragraph 15 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

16.     To the extent the allegations in paragraph 16 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document.  Further answering, Shawmut states that New York law enforces oral modifications notwithstanding a contractual clause requiring alterations to be in writing. See Deutsche Bank AG v. AMBAC Credit Prod., LLC, No. 04-civ-5594 (DLC), 2006 WL 1867497, at *15 (S.D.N.Y. July 6, 2006).

17.     To the extent the allegations in paragraph 17 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.  Further answering, New York law enforces oral modifications notwithstanding a contractual clause requiring alterations to be in writing.  See Deutsche Bank AG v. AMBAC Credit Prod., LLC, No. 04-civ-5594 (DLC), 2006 WL 1867497, at *15 (S.D.N.Y. July 6, 2006).

18.     To the extent the allegations in paragraph 18 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are

inconsistent with the document or the events or dealings which occurred on the Project.  Further answering, New York law enforces oral modifications notwithstanding a contractual clause requiring alterations to be in writing.  See Deutsche Bank AG v. AMBAC Credit Prod., LLC, No. 04-civ-5594 (DLC), 2006 WL 1867497, at *15 (S.D.N.Y. July 6, 2006).

19.     To the extent the allegations in paragraph 19 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

20.     To the extent the allegations in paragraph 20 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

21.     To the extent the allegations in paragraph 21 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project. Moreover, Shawmut's workmanship was high quality, as the Project is according to Starbucks' own publication/admission is: a "one-of-a-kind space," a "spectacular destination," and a "space to bring your event to life in a uniquely memorable way."

22.     Paragraph 22 of the Counterclaim states conclusions of law for which no response is required.

23.     Shawmut denies the allegations contained in paragraph 23 of the Counterclaim. Further answering, Shawmut states that it completed the Project on time and according to

4

Starbucks' own publication/admission is: a "one-of-a-kind space," a "spectacular destination," and a "space to bring your event to life in a uniquely memorable way."

24.     To the extent the allegations in paragraph 24 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

25.     To the extent the allegations in paragraph 25 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.  Further answering, Shawmut states that Starbucks failed to honor its obligations to render timely payment to Shawmut for its contract and Change Order work, causing various liens to be placed on the Project to secure payment of same.

26.     To the extent the allegations in paragraph 26 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.  Further answering, during the course of the Project, the parties agreed to adjust the completion dates.

27.     To the extent the allegations in paragraph 27 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

-6/11/20

28.     To the extent the allegations in paragraph 28 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

29.     Shawmut denies the allegations contained in paragraph 29 of the Counterclaim. Further answering, Shawmut turned the Project over to Starbucks on October 29, 2018 and Starbucks opened it to the public on or about December 14, 2018.  The Roastery has been open for business (except for COVID-19) ever since.

30.     To the extent the allegations in paragraph 30 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

31.     To the extent the allegations in paragraph 31 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

32.     Shawmut denies the allegations contained in paragraph 32 of the Counterclaim.

33.     Shawmut denies the allegations contained in paragraph 33 of the Counterclaim.

34.     Shawmut denies the allegations contained in paragraph 34 of the Counterclaim.

35.     Shawmut denies the allegations contained in paragraph 35 of the Counterclaim.

36.     Shawmut denies the allegations contained in paragraph 36 of the Counterclaim.

37.     Shawmut denies the allegations contained in paragraph 37 of the Counterclaim.

38.     Shawmut denies the allegations contained in paragraph 38 of the Counterclaim.

-6/11/20

39.     Shawmut denies the allegations contained in paragraph 39 of the Counterclaim.

40.     Shawmut denies the allegations contained in paragraph 40 of the Counterclaim.

41.     Shawmut denies the allegations contained in paragraph 41 of the Counterclaim, except admits that Starbucks took full possession of the substantially completed Roastery on October 29, 2018.

42.     Shawmut denies the allegations contained in paragraph 42 of the Counterclaim.

43.     Shawmut denies the allegations contained in paragraph 43 of the Counterclaim.

44.     Shawmut denies the allegations contained in paragraph 44 of the Counterclaim.

45.     Shawmut denies the allegations contained in paragraph 45 of the Counterclaim.

46.     To the extent the allegations in paragraph 46 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

47.     Shawmut denies the allegations contained in paragraph 47 of the Counterclaim.

48.     Shawmut denies the allegations contained in paragraph 48 of the Counterclaim, except admits that Starbucks issued a punch list.

49.     Shawmut denies the allegations contained in paragraph 49 of the Counterclaim.

50.     Shawmut denies the allegations contained in paragraph 50 of the Counterclaim.

51.     Shawmut denies the allegations contained in paragraph 51 of the Counterclaim.

52.     Shawmut denies the allegations contained in paragraph 52 of the Counterclaim.

53.     Shawmut denies the allegations contained in paragraph 53 of the Counterclaim.

54.     Shawmut denies the allegations contained in paragraph 54 of the Counterclaim.

55.     Shawmut denies the allegations contained in paragraph 55 of the Counterclaim.

7

56.     Shawmut denies the allegations contained in paragraph 56 of the Counterclaim.

57.     Shawmut denies the allegations contained in paragraph 57 of the Counterclaim.

58.     To the extent the allegations in paragraph 58 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

59.     To the extent the allegations in paragraph 59 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

60.     Shawmut denies the allegations contained in paragraph 60 of the Counterclaim, except admits that Shawmut agreed to achieve Final Completion of the Project by November 20, 2018, which it did.  Further answering, Starbucks opened the Project to the public on or about December 14, 2018 and it has been open for business (except for COVID-19) ever since.

61.     To the extent the allegations in paragraph 61 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

62.     Shawmut denies the allegations contained in paragraph 62 of the Counterclaim, except admits that Shawmut has been paid $30,628,163.35.  Further answering, Shawmut states that Starbucks materially breached its contractual obligations to Shawmut and currently owes Shawmut $6,474,444.56.

63.     Shawmut denies the allegations contained in paragraph 63 of the Counterclaim.

64.     Shawmut denies the allegations contained in paragraph 64 of the Counterclaim.

65.     Shawmut denies the allegations contained in paragraph 65 of the Counterclaim.

## BREACH OF CONTRACT

66.     Shawmut restates, as if fully set forth here, each of its answers and responses to paragraphs 1 through 65 of the Counterclaim.

67.     Shawmut admits that it entered into a contract with Starbucks.  Further answering, to the extent the allegations in paragraph 67 seek to paraphrase or characterize the contents of a written document, Shawmut respectfully refers the Court to the text of the written agreement for its content and denies the allegations to the extent that they are inconsistent with the document or the events or dealings which occurred on the Project.

68.     Paragraph 68 of the Counterclaim states conclusions of law for which no response is required.

69.     Shawmut denies the allegations contained in paragraph 69 of the Counterclaim, including subparagraphs (a) – (d).

70.     Shawmut denies the allegations contained in paragraph 70 of the Counterclaim.

71.     Shawmut denies the allegations contained in paragraph 71 of the Counterclaim.

72.     Shawmut denies the allegations contained in paragraph 72 of the Counterclaim.

73.     Shawmut denies the allegations contained in paragraph 73 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1.     Starbucks' Counterclaim fails to state a cause of action for which relief can be granted and must be dismissed as a matter of law.

2.     Starbucks' Counterclaim is barred due to Starbucks' material breach of its contractual obligations to Shawmut.

-6/11/20

3.      Starbucks' Counterclaim is barred by the terms of the written agreement between the parties.

4.      Starbucks' Counterclaim is barred due to Starbucks' breach of its obligations of good faith and fair dealing.

5.      Starbucks' Counterclaim is barred by the doctrine of unclean hands.

6.      Starbucks' Counterclaim is barred due to its failure to timely render payment to Shawmut of monies due and owing under the parties' agreement.

7.      Starbucks' Counterclaim is barred by the doctrine of estoppel.

8.      Starbucks' Counterclaim is barred by waiver and/or release.

9.      Starbucks' Counterclaim is barred by its failure to satisfy conditions precedent set forth in the contract and/or otherwise.

10.     Starbucks failed to mitigate its damages (if any).

11.     Starbuck's Counterclaim is barred as a result of Starbucks' own actions/inactions which constitute a breach of its contractual obligations to Shawmut.

12.     Starbucks' employees, acting on its behalf, modified the express terms of the parties' contract, which Shawmut relied, and Starbucks failed to honor and breached same.

13.     Mechanic's liens were placed on the Project as a result of Starbucks' wrongful failure to render timely payment of amounts due and owing Shawmut for work that Shawmut and its subcontractors performed on the Project.

14.     Starbucks' claims are barred by the prevention doctrine.

15.     Shawmut reserves the right to supplement and amend its affirmative defenses and to assert additional defenses, the basis for which may be revealed during discovery.

-6/11/20

Respectfully submitted,

PRINCE LOBEL TYE, LLP


By: */s/ Hugh J. Gorman, III*

Hugh J. Gorman, III, Esq.
Christopher C. Miller, Esq.
One International Place, Suite 3700
Boston, MA 02110
(617) 456-8000 (phone)
(617) 456-8100 (facsimile)
hgorman@princelobel.com
cmiller@princelobel.com

Seth Natter, Esq.
Natter & Natter
501 Fifth Avenue
New York, NY 10017
(212) 840-8300 (phone)
(212) 302-0295 (facsimile)
snatter@natterrip.com

*Counsel for Plaintiff Shawmut Woodworking &*
*Supply, Inc. d/b/a Shawmut Design and*
*Construction*

Dated: June 11, 2020

11