UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWMUT WOODWORKING & SUPPLY, INC. d/b/a SHAWMUT DESIGN AND CONSTRUCTION<br><br>  Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY<br><br>  Defendant. | Case No.: 20-cv-2289 (DLC) |

## PROPOSED DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), the plaintiff, Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction ("Shawmut"), and the defendant, Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"), conferred and jointly submit this report outlining certain positions and agreements with respect to the parties' discovery plan in this action.

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c)

2. The parties have previously engaged in settlement discussions and mediation in an attempt to resolve this matter without success. The parties do not believe that further settlement discussions will be productive until they have had the opportunity to participate in discovery and test the basis for each parties' claims and defenses.

3. This case is not to be tried to a jury.

A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

Initial Disclosures required by Fed. R. Civ. P. 26(a) shall be made by July 10, 2020.

B.  **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties have agreed to that they will continue to meet and confer concerning the scope of discovery.

Shawmut believes that the discovery it seeks will generally focus on, among other things, the following categories of information relating to the construction project at issue:

1. Design changes implemented by Starbucks;
2. Shawmut's substantial completion of the project;
3. Starbucks' agreement to pay Shawmut for its overtime/premium/acceleration costs;
4. Starbucks' agreement to pay Shawmut for certain changes/additional work;
5. Starbucks' failure to process and render payment for change order/additional work.
6. Shawmut's completion of punch list work;
7. Starbucks' failure to render payment to Shawmut;
8. Starbucks' responsibility for mechanical failures at the project; and
9. The parties' course of conduct throughout the project as it pertains to changes in Shawmut's work, change orders, and extra/additional work and acceleration.

Starbucks believes that the discovery it seeks will generally focus on, among other things, the following categories of information relating to the work Shawmut and its subcontractors performed on the construction project at issue:

1. The scope of the work Shawmut agreed to perform in exchange for the Lump Sum Payment;

2. Shawmut's numerous material breaches of the Contract when it failed to complete the Work according to the Standard of Care as that term is defined in the Contract and relevant construction industries.

3. Shawmut's and its subcontractors' failure to perform the work according to the deadlines set forth in their construction schedules.

4. Shawmut's material breach of the Contract when it failed to achieve Substantial Completion or Final Completion of the Work as those terms are defined by the Contract Documents.

5. Shawmut's and its subcontractors' failure to comply with the Contract's change order and notice provisions which were a condition precedent to obtaining an increase in the Contract Price or Contract Time.

6. Communications between Shawmut and Starbucks and Shawmut and its subcontractors that demonstrate that Shawmut understood and agreed that it was required to follow the Contract's Change Order and notice provisions before it was entitled to receive an increase in the Contract Price.

7. Shawmut's and its subcontractors' failure to comply with the Contract's Pay Application and Final Payment provisions which was a condition precedent to receiving payments, final payment and the release of the retainage.

8. Shawmut's and its subcontractors' failure to correct its defective work, to complete the original Work, or punch list work.

The parties agree that expert discovery should be completed after the conclusion of fact discovery. Consistent with these agreements, the parties contemplate the following schedule for completion of discovery:

1. <u>Requests for Production</u>: Initial requests for production were served by Starbucks on May 29, 2020. Shawmut's initial requests for production to Starbucks and Shawmut's response to Starbucks' initial requests for production were served on July 1, 2020. Starbucks' Responses to Shawmut's initial request for production of documents and Shawmut's responses to Starbucks second request for production of documents shall be due on July 31, 2020. All subsequent requests for production shall be served no later than 30 days before the discovery cut-off date. The parties agree that document production can be made on a rolling basis. The parties' document production in response to each party's request for production of documents served on or before July 1, 2020, shall be made on a rolling basis beginning not later than August 17, 2020, and shall be completed by September 30, 2020. All other document productions shall be made on a rolling basis beginning not later than 45 days after the date of service of the requests for production to which they are responsive, with production to be completed no later than 45 days thereafter.

2. <u>Interrogatories</u>: Interrogatories will only be propounded as permitted by Local Rule 33.3.

3. <u>Depositions</u>: Given the COVID-19 pandemic, in addition to the jurisdictional challenges presented by the availability and location of witnesses, the parties shall commence with depositions in the fall of 2020. The parties estimate that there are approximately twelve (12) to fifteen (15) fact witnesses to be deposed in this matter. Likely deponents include former employees of the parties, who are located outside of New York, and in one known instance, located outside the United States. The parties thereby propose that they shall complete fact witnesses' depositions by March 31, 2021.

  a. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties completed document production in response to the parties' initial requests for document production.

  b. There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.

  c. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

4. <u>Expert Discovery</u>: All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by July 16, 2021.

  a. Witnesses disclosed as experts pursuant to Rule 26(a)(2)(C) may be deposed as to their proposed expert testimony notwithstanding their having been previously deposed as fact witnesses.

  b. Depositions of experts shall not be conducted until after the deadline for rebuttal reports has passed.

  c. April 15, 2021 – The parties with the burden of proof on an issue to disclose the identity of any witness that may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705, together with the identification of the subject matter on which the witness is expected to present evidence.

  d. April 30, 2021 – Initial expert reports due for all parties with a burden of proof on an issue.

  e. May 28, 2021 – Rebuttal expert reports due for all parties.

  f. July 16, 2021 – Expert depositions completed.

5. <u>Requests for Admission</u>. Requests for admission shall be served on or before July 30, 2021.

6. <u>Final Discovery Deadline:</u>  All discovery shall be completed no later than August 31, 2021.

7. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: submission to private mediator.

8. The parties have conferred and their present best estimate of the length of trial is two to three weeks.

**C.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

At this time, the parties do not anticipate that the discovery of electronically stored information ("ESI") will present any significant issues in this action. On June 17, 2020, Starbucks submitted to Shawmut a proposed stipulated order for the searching, collection, and production of Electronically Stored Information ("ESI") and a list of proposed custodians and search terms (collectively "ESI Protocol").  On June 29, 2020, Shawmut provided its suggested revisions to the ESI Protocol and indicated that it would run test searches based on the proposed search terms to inform the parties on the appropriate number and scope of custodians and search terms.  The parties agreed to confer and to negotiate in good faith a final list of custodians and search terms that will be used to search and collect the discoverable documents and information. The parties have agreed that if relevant, discoverable ESI that is responsive to requests for production, is reasonably related to Shawmut's or Starbucks' claims and defenses, is reasonably accessible, and is maintained in the ordinary course of business, it will be produced.  The parties will endeavor to address any further issues concerning ESI in the ESI Protocol to be filed with the Court.

D.    **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Shawmut believes that Starbucks may assert claims of privilege or protection as trial-preparation materials over documents and communications with various consultant(s) it retained following the completion of the underlying construction project to allegedly inspect or investigate Shawmut's work. Shawmut believes that these materials must be produced, as litigation was not contemplated or threatened at the time Starbucks retained its consultant(s).

E.   **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties do not agree to any limitations on discovery at this time.

F.   **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

On June 26, 2020, Starbucks submitted to Shawmut a draft Protective Order that will apply to the production and disclosure of Confidential Information. Shawmut is currently reviewing same and will provide its proposed revisions to Starbucks in the near term. The Parties have agreed to reduce the terms of the ESI Protocol and Protective Order to writing to be submitted to the Court.

Respectfully submitted,

| Plaintiff/Defendant-in-Counterclaim, | Defendant/Plaintiff-in-Counterclaim, |
|---|---|
| **Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction** | **Starbucks Corporation d/b/a Starbucks Coffee Company** |
| By its attorneys: | By its attorneys: |
| _[signature]_ | _[signature]_ |

Hugh J. Gorman, III, Esq.  
Christopher C. Miller, Esq.  
Prince Lobel Tye LLP  
One International Place, Suite 3700  
Boston, MA 02110  
(617) 456-8000  
hgorman@princelobel.com  
cmiller@princelobel.com  


Seth Natter, Esq.  
Natter & Natter  
501 Fifth Avenue  
New York, NY 10017  
(212) 840-8300 (phone)  
(212) 302-0295 (facsimile)  
snatter@natterip.com  


Dated: New York, New York  
      July 7, 2020

Mark E. Shaffer, Esq.  
Offit Kurman, P.A.  
8000 Towers Crescent Drive  
Suite 1400  
Tysons Corner, VA 22182  
Mark.Shaffer@OffitKurman.com  

Wojciech Jackowski, Esq.  
Alexander Mirkin, Esq.  
Offit Kurman, P.A.  
10 East 40th Street  
New York, New York 10016  
wjackowski@offitkurman.com  
amirkin@offitkurman.com