UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWMUT WOODWORKING & SUPPLY, INC. d/b/a SHAWMUT DESIGN AND CONSTRUCTION,<br><br>                              Plaintiff,<br><br>           - against -<br><br>STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY,<br>                              Defendants. | CIVIL ACTION NO.<br>20-CV-2289 (DLC)<br><br>ECF Case<br><br>**STIPULATION AND ORDER REGARDING PROTOCOL FOR THE PRODUCTION OF DOCUMENTS** |

WHEREAS, the Parties to this Stipulation and Order ("Order"), Plaintiff/Counterclaim Defendant Shawmut Woodworking & Supply, Inc. d/b/a/ Shawmut Design and Construction and Defendant/Counterclaim Plaintiff Starbucks Corporation d/b/a Starbucks Coffee Company (collectively, "the Parties," and each a "Party"), by and through their undersigned counsel, have stipulated as follows regarding the production of paper documents and electronically-stored information (collectively, "Documents") in this Action.

## DOCUMENT PRODUCTION

A.   **GENERAL**

1.   The Parties have conferred as to discovery of Documents and their agreement on these issues comprises the terms of this Order. The Parties will continue to confer on these topics as necessary over the course of discovery.

2.   Notwithstanding the particulars of this Order, if a Party believes in good faith that additional information is necessary and material to its presentation of its case at trial, the Party reserves the right to request same.

3.   Nothing in this protocol waives a Party's right to object to certain document requests or to withhold information from production. All objections are preserved.

**B.    DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION**

3.       The Parties agree to identify Documents responsive to requests for production made pursuant to Federal Rule of Civil Procedure 34 by (a) collecting all Documents in their possession, custody, or control that are stored in reasonably-accessible locations likely to contain responsive Documents, including, at a minimum, all reasonably-accessible Documents (i) identified in, or (ii) in any location identified in, or (iii) in the custody of any custodians identified in Exhibit A hereto and (b) searching those Documents for keywords to be negotiated in good faith by the parties on a request-by-request basis. The Parties agree to cooperatively work together in good faith to narrow, revise, or amend, their proposed search terms during their exchange of Documents responsive to their respective requests made pursuant to Rule 34. The Parties do not intend for this provision to enlarge or narrow the scope or extent of discovery beyond the boundaries set by the Federal Rules of Civil Procedure or any applicable Local Rules.

4.       Prior to performing the keyword searches described in paragraph 3(b) of this Order, the Parties will perform optical character recognition on all non-searchable Documents collected pursuant to paragraph 3(a) of this Order except for those Documents which, because of their format or content (e.g., AutoCAD drawings; photographs; audio- or video-recordings; etc.) would have significant non-textual contents (the "Non-Text Documents"). Non-Text Documents will be manually reviewed by the producing Party for relevance and will be individually identified by Bates number in response to each request for production to which they are responsive.

5.       The Parties agree to produce any Documents that they become actually aware were collected pursuant to paragraph 3(a) of this Order and are responsive to a request for production but would not be produced pursuant to the procedure in paragraphs 3(b) and 4 of this Order. Such documents will be individually identified by Bates number in response to each request for production to which they are responsive.

**C.     DE-DUPLICATION**

6.      The Parties agree to de-duplicate their Document productions on a family basis, but to include duplicate custodian and duplicate file path meta-data in their load files sufficient to fully re-duplicate the production if necessary. If a Party wishes to de-duplicate its production using any criteria other than hash values, it will so advise the receiving Party. The Parties agree that there is no need for duplicate production of paper documents available for production in electronic format, so long as any such paper document contains content identical to its electronic version and does not contain content unique to the paper version such as handwriting and other marginalia. The Parties further agree that the requesting Party has the right to inspect any paper document withheld on the basis that it was duplicative of a responsive document that existed in electronic form, and, for actually duplicative paper documents, to request copies at its own expense.

**D.     ELECTRONIC PRODUCTION FORMAT**

7.      The Parties agree to produce Documents as .tiff or .jpg images with appropriate load files with OCR or extracted text files in the same folders as their corresponding .tiff images, named by the beginning Bates number of the corresponding document. The images should also be Bates-numbered and should be produced so as to preserve any parent-child relationships that existed in their native format. For all documents being produced in imaged format, the Parties agree to produce Standard black and white Group IV, single page .tiffs or color .jpgs at a minimum of 300 dpi. Upon the opposing Party's reasonable request, a Party will re-produce in color or native format any document produced in black and white. The filename of documents produced in native format shall be the beginning Bates production number. The load file provided with the data will include a .dat file for metadata and an .opt file for mapping the .tiff images to the text files. Documents that cannot be fully rendered as .tiff files (such as Excel files) will be produced in native

format with unique Bates numbers, .tiff slip sheets identifying the Documents as having been produced solely in native format, and the metadata agreed upon in paragraph 10, below.

8. The producing Party will produce Documents on readily accessible computer or electronic media or by electronic file transfer. The producing Party will properly package all production media to ensure safe shipping and handling. The producing Party will encrypt all production media prior to shipping of transferring the productions. Password and access information for the produced media will be sent via email to opposing Parties prior to shipment or transfer.

9. The receiving Party may request that specific Documents be produced in native format.

### Metadata

10. The Parties agree to produce information with the following metadata fields where such information is available.

| Field Name | Description |
| --- | --- |
| ProdBeg# | Beginning Bates number of the email, application file or paper document |
| ProdEnd# | Ending Bates number of the email, application file or paper document |
| Custodian | Custodian of the email, application file or paper document |
| Duplicate Custodians | All custodians of duplicate versions of the email, application file or paper document |
| From | Sender of the email |
| To | Recipients of the email |
| CC | CCs of the email |
| Bcc | BCCs of the email |
| Sent Date Time | Email sent date and time |
| Received Date Time | Email received date and time |
| File Created Date Time | Date and time on when the application file was created |

- 4 -

| | |
|---|---|
| File Last Modified Date Time | Date and time on when the application file was last modified |
| File path | The original file path of the native document |
| Duplicate file path | The original file path of any duplicate versions of the native document that were not included in the production |
| Email Subject | Subject line of the email |
| File Name | Filename of the application file |
| File Extension | Document file extension (e.g. XLS, DOC, PPT) |
| File Type | Document file type (e.g. Microsoft Excel, Microsoft Word, |
| Hash Value (MD5 ) | Unique hash value of the email or application file |
| Title | Where available for native file |
| Author | Where available for native file |
| Native File Path | For documents produced in native format |
| Text File Path | For documents produced with OCR or extracted text files |
| Confidential | For identifying documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order. |
| Begin Attachment | The first Bates number of the document family |
| End Attachment | The last Bates number of the document family |

**<u>Delimiters</u>**

Concordance Standard:

| | | |
|---|---|---|
| Comma | ¶ | ASCII character (020) |
| Quote | Þ | ASCII character (254) |
| Newline | ® | ASCII character (174) |

### E.     <u>PRIVILEGE LOGS</u>

11.        Accompanying each Document production, each Party will provide a log of all Documents withheld on the basis of attorney-client privilege, work-product protection, or any other valid form of privilege, immunity, or protection against production ("privilege log"). For searchable, electronically-stored Documents, each Party may opt at its own discretion to create a privilege log using either of the following methods. For all other Documents, each Party shall create a Standard Log, as defined in subsection (ii) of this paragraph.

      i.    <u>Automated Log</u>. An automated privilege log will be generated from the following metadata fields, to the extent they exist, as electronic metadata associated with the original electronic documents.

- SUBJECT
- FILE NAME
- AUTHOR
- SENDER/FROM
- RECIPIENTS/TO
- CC
- BCC
- SENT DATE TIME
- RECEIVED DATE TIME
- FILE CREATED DATE TIME
- FILE LAST MODIFIED DATE TIME

    a.    With respect to the SUBJECT OR FILENAME fields, the producing Party may substitute a description of the communication where the content of these fields may reveal privileged information but must indicate that the fields have been revised.

    b.    Should the receiving Party in good faith have reason to believe a particular entry on the Automated Log does not reflect a privileged document, it may request a Standard Log for that entry, to be produced within two weeks of the request, or within such other reasonable time as the Parties may agree or the Court may order.

    ii.    **Standard Log.** A standard privilege log will include these standard fields: author/sender/from; recipients/to; cc; bcc; date; privilege type; and a description sufficient to identify the subject matter of the document and the basis for the privilege assertion. The privilege log fields for email strings will contain the information from the top email in the email string. Parties shall also populate a field with all other participants identified on the face of the document not already captured in the top email of the email string. Other participants need only be identified for the email strings that are withheld as entirely privileged.

12.    Documents created on or after January 1, 2020, containing privileged

Case 1:20-cv-02289-DLC   Document 38   Filed 08/10/20   Page 7 of 8

and/or work product material relating to the lawsuit, and any internal communications within a law firm or a legal department of a corporation do not need to be logged.

Dated: New York, New York
      August 7, 2020

AGREED:

| PRINCE LOBEL TYE, LLP | OFFIT KURMAN, P.A. |
|---|---|
| By: __/s/ Christopher C. Miller_____ <br>     Hugh J. Gorman, III, Esq. | By: __/s/ Mark E. Shaffer_____ <br>     Mark E. Shaffer |
| Hugh J. Gorman, III, Esq. <br> Christopher C. Miller, Esq. <br> One International Place, Suite 3700 <br> Boston, MA 02110 <br> (617) 456-8000 (phone) <br> (617) 456-8100 (facsimile) <br> hgorman@princelobel.com <br> cmiller@princelobel.com | Mark E. Shaffer, Esq. <br> 8000 Towers Crescent Drive, Suite 1400 <br> Vienna, VA 22182 <br> (703) 745-1800 (phone) <br> (703) 745-1835 (facsimile) <br> mark.shaffer@offitkurman.com |
| Seth Natter, Esq. <br> Natter & Natter <br> 501 Fifth Avenue <br> New York, New York 10017 <br> (212) 840-8300 (phone) <br> (212) 302-0295 (facsimile) <br> snatter@natterip.com | Wojciech Jackowski, Esq. <br> Alexander Mirkin Esq. <br> 10 East 40th Street <br> New York, New York 10016 <br> (212) 545-1900 (phone) <br> (212) 545-1656 (facsimile) <br> wjackowski@offitkurman.com <br> amirkin@offitkurman.com |
| Attorneys for Plaintiff/Counterclaim Defendant Shawmut Woodworking & Supply, Inc., d/b/a Shawmut Design and Construction | Attorneys for Defendant/Counterclaimant Starbucks Corporation d/b/a Starbucks Coffee Company |

SO ORDERED:
Dated: August 10, 2020

_____
DENISE COTE
United States District Judge

- 7 -

- 8 -

**Exhibit A**
**(Custodians whose data is to be collected)**

Shawmut custodians:

Randy Shelly
John Tobin
Michael Amore
Matt Patenaude
Luke Carnahan
Bob Avitabile
Michael Clark

Starbucks custodians:

Jill Enomoto
Liz Muller
Thad Luse
Jory Ray
Stephanie Schubert
Jeff Juneau
Anthony Sunga